UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUOC H. NGUYEN, | No. 2:24-cv-02907-DAD-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| VO HOANG CHAU, et al., | |
| Defendants. | |

Plaintiff, Quoc H. Nguyen, proceeds without counsel[1] and initiated this case with a complaint that is before the court for screening. Plaintiff also requests to proceed in forma pauperis. Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915, and the request is granted. However, the complaint fails to establish the court's jurisdiction and fails to state a claim. Plaintiff is granted leave to file an amended complaint.

**I.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

(2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Eldridge, 832 F.2d at 1137. Nevertheless, to survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.     THE COMPLAINT MUST BE DISMISSED

Plaintiff's complaint names three defendants but does not identify a valid basis for the court's jurisdiction and does not state a claim. The complaint also does not specify what relief plaintiff seeks through this lawsuit. Plaintiff appears to allege someone stole his SSI payments and dared him to see what he could do about it, killed a grizzly bear, and abducted a deer. (ECF No. 1 at 5.)

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994). In general, federal courts hear cases that arise in diversity or present a federal question. See U.S. CONST. art. III §§ 1–2; 28 U.S.C. §§ 1331-32. Here, plaintiff alleges the basis for the complaint is diversity jurisdiction, but plaintiff alleges at least one defendant has its principal place of business in California and plaintiff is also a resident of California. Therefore, plaintiff does not establish complete diversity of citizenship as required for the court to have jurisdiction under 28 U.S.C. § 1332. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Plaintiff also has not established federal question jurisdiction. See 28 U.S.C. § 1331 (Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."). There is no federal law or statute cited in the complaint that governs an issue or claim alleged.

In addition, the complaint fails to give fair notice of any cognizable claims and the grounds on which they rest. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The complaint does not contain a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). The complaint does not describe the specific conduct any defendant is alleged to have engaged in that violated plaintiff's rights. The complaint must be dismissed because it does not contain any factual content to allow the court to draw the reasonable inference that a defendant has violated plaintiff's rights. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### III.     CONCLUSION

The complaint must be dismissed, but plaintiff is granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself. Each claim and the involvement of each defendant must be sufficiently alleged without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the

/////
/////
/////
/////

Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  December 17, 2024

*[signature]*

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, nguy24cv2907.scrn